IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No.    19-cv-02077-LTB-NRN

AIMEE FOSTER,

Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES; and
VMWARE, INC.,

Defendants.

_____

## MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This matter is before me on a Partial Motion to Dismiss filed by Defendants Sedgwick

Claims Management Services ("Sedgwick") and VMware, Inc. ("VMware") (collectively

"Defendants"). **[Doc #8]**    Plaintiff, Aimee Foster ("Plaintiff") opposes the motion.    After

consideration of the parties' arguments and briefs, and for the reasons stated, I deny Defendants'

Partial Motion to Dismiss.

## I.    BACKGROUND

Plaintiff filed her Complaint on July 18, 2019, asserting claims against Defendants under

the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq*. ("ERISA").    As

her First Claim for Relief, Plaintiff alleges that Defendants wrongfully denied her short term

disability ("STD") benefits. [Doc #1]    In the Second Claim for Relief, Plaintiff asserts a claim for

breach of fiduciary duty, alleging that Defendants were fiduciaries and had a duty to provide

Plaintiff with accurate information and that Defendants breached that duty by failing to advise her

of other available options.

Specifically, Plaintiff alleges in the Complaint that at all pertinent times she was a full-time employee of VMware, that VMware provided its employees with STD benefits pursuant to an employee benefit plan as determined by ERISA (the "Plan") and that Plaintiff was a "participant" in or "beneficiary" of the Plan. Plaintiff further alleges that, upon information and belief, VMware is the sponsor and administrator of the Plan and that VMware delegated to Sedgwick its obligation to make all benefit decisions at issue in the Complaint. The Complaint alleges that in or around March 2019, Plaintiff was unable to continue working due to multiple health issues and medical conditions. Plaintiff further alleges that she initially requested paid time off, but then applied to the Plan for STD benefits which were wrongfully denied by Defendants and that Defendants, as fiduciaries, failed to advise her of other available options, such as the right and/or ability to use paid time off as needed for her symptoms and/or medical care.

## II.    MOTION

Defendants seek partial dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as follows:    (1) to dismiss the First Claim for Relief as against VMware on the grounds that VMware played no role in adjudicating Plaintiff's STD claim and is, therefore, an improper defendant; and (2) to dismiss the Second Claim for Relief as to both Defendants because claims for breach of fiduciary duty under ERISA are limited to:    a) section 502(a)(2) which applies only if the claimant is seeking a remedy on behalf of a plan; or b) section 502(a)(3) which requires that the claimant have no other remedy under ERISA or that the claimant be seeking equitable relief. Defendants argue that Plaintiff's breach of fiduciary duty claim fails because Plaintiff is not seeking a remedy on behalf of the Plan, because Plaintiff has another remedy under

ERISA and because Plaintiff is not seeking equitable relief.

Plaintiff opposes the motion, asserting, as to the First Claim for Relief, that VMware is a proper defendant because, as the Plan sponsor and administrator, VMware is responsible for paying Plaintiff's benefit claim. [Doc #14] As to the Second Claim for Relief, Plaintiff argues that she is seeking equitable relief and relief for the Plan as a whole, citing paragraph 41(B) of the Complaint in which she requests an injunction and/or other appropriate equitable relief and paragraph 41(F) of the Complaint in which she requests retraining and/or notice to employees regarding rights under the Plan.

## III. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Plausibility" in this context "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).

As a corollary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. A pleading that offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do; nor does the complaint suffice if it tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Id.*, 550 U.S. at 555, 557.

When deciding a motion to dismiss under Rule12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 556 U.S. at 678.

## IV. ANALYSIS

A. First Claim for Relief for Wrongful Denial of Benefits under ERISA

Defendants request that the First Claim for Relief for wrongful denial of benefits under ERISA §502(a)(1)(B) be dismissed as against VMware. Defendants argue that the only proper defendant in a claim for denial of benefits is the party or fiduciary responsible for deciding the benefits claim. Defendants point out that the Complaint alleges that "VMware has delegated to Defendant Sedgwick its obligation to make all benefit decisions at issue in this claim," and that "Defendant Sedgwick was otherwise delegated the authority to administer claims for STD benefits by the Plan." Motion at 7, citing Compl. ¶34; Reply [Doc #17] at 4, citing Compl. ¶¶4, 34. Therefore, since VMware played no role in adjudicating Plaintiff's STD claim, Defendants argue that VMware is not a proper defendant and the First Claim for Relief should be dismissed as against VMware.

In her response to the motion, Plaintiff acknowledges that, without the benefit of the actual Administrative Record, VMware has apparently delegated much of the decision making to Sedgwick. Plaintiff argues, however, that VMware is a proper defendant because, as alleged in

the Complaint, VMware is the Plan sponsor and administrator. Plaintiff further argues that, as the Plan sponsor and administrator, VMware is responsible for paying Plaintiff's (and any other plan members') benefit claims. Resp. at 3. There is no allegation in the Complaint, however, that VMware is responsible for paying these benefit claims.

The provision in ERISA that is the basis of this claim, 29 U.S.C. §1132(a)(1)(B), identifies persons who may bring a civil action under the statute. It does not, however, identify the parties who may be proper defendants in such civil actions. In *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc*., 530 U.S. 238 (2000), the Supreme Court, addressing a different subsection of §1132(a), which also makes no mention of which persons are proper defendants, held that the statute "admits of no limits…on the universe of possible defendants." *Id.* at 246 (analyzing §1132(a)(3)).

Defendants argue that the party responsible for deciding the benefits claim is the only proper defendant in a section 1132(a)(1)(B) claim for wrongful denial of benefits, citing *Basquez v. East Cent. OK Elec. Co-op, Inc*., 2008 WL 906166 (E.D. Okla. March 31, 2008)(unpublished) and *O'Dowd v. Anthem, Inc*., 2016 WL 9735772 (D. Colo. Sept. 23, 2016)(unpublished). I do not agree that the statute is so restrictive.

In *Basquez*, the court granted the plaintiff's employer's motion for summary judgment, finding that the employer was not a proper defendant because it had no direct or indirect control over administration of the plan. *Id*. at *6. However, the employer in *Basquez* was not the plan administrator. In fact, the *Basquez* court noted that the defendants argued that another defendant, the named administrator of the plan, was the "only proper defendant." *Id.* In the instant case, the Complaint alleges that VMware, in addition to being Plaintiff's employer, is also the plan

administrator. *Basquez*, therefore, in addition to be non-controlling, is distinguishable on its facts. In *O'Dowd*, the court denied a motion to dismiss filed by one of the defendants because that defendant was responsible for deciding whether or not to pay benefits; however, neither the court nor the defendants questioned whether the plan administrator was a proper defendant in the case. *Id.* at *7, *8.

The Tenth Circuit has not directly addressed this specific issue, but in *Geddes v. United Staffing Alliance Employee Med. Plan*, 469 F. 3d 919 (10th Cir. 2006), the court stated, in *dicta*, that a party may bring an action to recover benefits under ERISA against the plan as an entity, the named plan administrator or a fiduciary. *Id*. at 931; *see also O'Dowd*, 2016 WL 9735772, at *8 (citing *Geddes* and noting that several sister courts in the Tenth Circuit, including *Basquez*, have eschewed a narrow approach to interpreting who are proper defendants under §1132(a)(1)(B)). Other circuits are in accord. *See Cyr v. Reliance Standard Life Ins. Co*., 642 F. 3d 1202, 1206 (9th Cir. 2011) (*en banc*) (citing *Harris Trust* as support for reading no limitations into §1132(a)(1)(B) and holding that potential liability under §1132(a)(1)(B) is not limited to the plan or the plan administrator, and that plan insurer, who denied the plaintiff's request and was responsible for paying legitimate benefits claims, was also potentially liable); *Larson v. United Healthcare Ins. Co.*, 723 F. 3d 905, 913 (7th Cir. 2013) (citing *Harris Trust* and holding that in an action for benefits under §1132(a)(1)(B), the plan and the party having the obligation to pay are proper defendants).

Considering the referenced *dicta* in *Geddes*, the Supreme Court's broad interpretation of another ERISA provision in *Harris Trust*, and guidance from other circuits, it is likely that the Tenth Circuit would consider VMware a proper defendant based solely on the allegations in the

Complaint that it is the Plan sponsor and administrator. And, on this basis, I will deny Defendants' motion to the extent it seeks dismissal of Plaintiff's First Claim for Relief as to VMware. While Plaintiff asserts, in her response to this motion, that VMware is also the party responsible for paying Plaintiff's benefit claim (and Defendants do not dispute this in their reply), I cannot consider this additional allegation in deciding the motion, as it is not alleged in the Complaint.

B. Second Claim for Relief for Breach of Fiduciary Duty

Defendants also request that I dismiss the Second Claim for Relief because claims for breach of fiduciary duty under ERISA are limited and can only be brought under §502(a)(2) and §502(a)(3). Specifically, Defendants argue that Plaintiff's claim should be dismissed because: (1) for claims brought pursuant to §502(a)(2), the claimant must be seeking a remedy on behalf of a plan, and, according to Defendants, Plaintiff is only seeking benefits to be paid to her individually; and (2) for claims brought pursuant to §502(a)(3), the claimant must have no other remedy under ERISA or the claimant must be seeking equitable relief and, according to Defendants, Plaintiff has another remedy, i.e. relief provided to her under §1132(a)(1)(B), and she is not seeking equitable relief. I disagree.

As Plaintiff points out, she requested equitable remedies both for herself and on behalf of the Plan under paragraph 41(F) of the Complaint, which states that she is requesting "[a]ppropriate equitable relief including retraining of employees and/or providing notice to employees a full statement of available rights under the Plan." The relief requested relates to the allegations in the Complaint that Defendants were fiduciaries, that they "failed to advise her of the right and/or ability to use paid time off as needed for her symptoms and/or medical care," and that Defendants

failed to provide her with accurate information or other available options.   Compl. ¶¶19, 39 & 40.

Since Plaintiff is seeking a remedy on behalf of the Plan, including retraining of employees and/or providing notice to employees a full statement of available rights under the Plan, and because the remedy sought is equitable in nature, I find that Defendants' motion to dismiss this claim is not well-taken and should be denied.   *See Jones v. Aetna Life Ins. Co.*, 856 F. 3d 541, 547, 548 (8th Cir. 2017) (reversing dismissal of fiduciary duty claim and holding that §1132(a)(1)(B) claimant could also maintain a separate claim for equitable relief for breach of fiduciary duty based on the mishandling of her claim).   Assuming, as I must, the truth of all well-pleaded facts in the Complaint and drawing all reasonable inferences therefrom in the light most favorable to the Plaintiff, I find that Plaintiff has adequately stated a claim for breach of fiduciary duty under either §502(a)(2) or §502(a)(3) that is plausible on its face.

## V.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss [Doc #8] is DENIED.

DATED:    April 2, 2020 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE